IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN A. ABBOTT | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv39 |
| WARDEN THOMAS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner John A. Abbott, an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The respondent filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (doc. no. 8). As the respondent has presented information outside the pleadings, the filing will be considered as a Motion for Summary Judgment. See FED.R.CIV.P. 12(d).

Factual Background

Petitioner contends that the BOP has incorrectly determined he is ineligible to receive earned time credits under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194. He acknowledges that inmates convicted of certain offenses are not eligible to receive earned time credits. Petitioner asserts, however, that the BOP has incorrectly determined that his conviction was for one of those offenses. Petitioner asks the court to direct the BOP to consider him eligible to receive earned time credits.

The Motion for Summary Judgment

The respondent admits that at one point the BOP considered petitioner to be ineligible to receive earned time credits. However, the respondent states the BOP has reversed that determination

and has awarded petitioner earned time credits. As a result, the respondent asserts the petition is moot.

Attached as Exhibit A to the Motion for Summary Judgment is a Declaration from Fred Roshto, the Complex Case Management Coordinator at the Federal Prison Complex in Terre Haute, Indiana. Mr. Roshto states, in part, as follows:

> To implement FSA directives, Congress directed the Attorney General to develop a risk and needs assessment system for the BOP to determine inmates' recidivism risk, and the type of programming appropriate for them. In response, the Attorney General announced the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"), to identify inmates' risk levels. Additionally, the BOP identified 13 distinct needs areas to be assessed, several of which involve inmate participation by, e.g., completing surveys or questionnaires. Once the BOP has determined an inmate's needs, they are to assign inmates to corresponding programming or productive activities.
>
> Inmates are not eligible to earn time credits prior to the date of the enactment of the First Step Act (December 21, 2018) or prior to their arrival at their designated facility.
>
> Inmates earn time credits for every thirty-day period in which they have successfully participated in Evidence-Based Recidivism Reduction ("EBRR") Programming or Productive Activities ("PAs") recommended based on the inmate's risk and needs assessment. Inmates begin earning 10 days of time credits per 30 day period, but upon receiving two consecutive PATTERN assessments at a low or minimum recidivism risk begin earning 15 days of time credits per 30 day period.
>
> To successfully participate, an inmate must be participating in EBRR Programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment and comply with the requirements of each EBRR Program or PAs. Inmates who do not complete the individualized risk and needs assessments cannot therefore be participating in recommended programs and thus cannot be successfully participating.
>
> An inmate is not considered to be successfully participating if they are placed in a Special Housing Unit, designated outside the institution, temporarily transferred to the custody of another Federal or non-Federal government agency, placed in mental health or psychiatric holds, or are considered to have opted out by not participating in EBRR programs or PAs.
>
> An inmate may lose earned time credits for violation of the requirements or rules of an EBRR Program or PA. Time credits lost for violation of the requirements or rules of a program may be restored by good conduct on a case-by-case basis. Inmates may also lose earned time credits as a sanction for a violation of prison rules. Although an inmate may have earned time credits, they may be ineligible to apply those credits to their sentence.
>
> I have reviewed Petitioner's most recent FSA Time Credit Assessment. Since December 21, 2018, through October 3, 2023, Petitioner has successfully partici-pated in a total of 1733 days. Petitioner has had 14 disallowed programming days.

>Between December 21, 2018, and April 30, 2019, Petitioner was successfully participating in EBRR Programs or PAs. During this period, Petitioner earned 10 time credits for every 30 day period. Petitioner earned 40 time credits.
>
>Between April 30, 2019, and May 9, 2019, Petitioner was unsuccessfully participating in EBRR Programs or PAs. During this period, Petitioner was not in a qualifying admit status as the Petitioner was transferring to the Federal Correctional Complex at Beaumont, Texas.
>
>Between May 9, 2019, and July 28, 2023, Petitioner was successfully participating in EBRR Programs or PAs. During this period, Petitioner earned 10 time credits for every 30 day period. Petitioner earned 510 time credits.
>
>Between July 28, 2023, and August 2, 2023, Petitioner was unsuccessfully participating in EBRR Programs or PAs. During this period, Petitioner was not in a qualifying admit status as Petitioner was transferring to the Federal Correctional Complex at Terre Haute, Indiana.
>
>Between August 2, 2023, and October 3, 2023, Petitioner was successfully participating in EBRR Programs or PAs. During this period, Petitioner earned 10 time credits for every 30 day period. Petitioner earned 20 time credits.
>
>In total, Petitioner has earned, as of the date of this assessment, 570 earned time credits. If Petition is eligible to apply their time credits, 365 time credits would be directed towards effectuating an early release to supervised release. Petitioner would then have 205 time credits that could be applied towards prerelease custody. Petitioner has had their sentence adjusted, by 365 days, from June 10, 2033, to June 10, 2032, in order to receive the benefit of the time credits.

(doc. no. 9-1 at 2-4).

<u>Standard of Review</u>

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable [finder of fact] could [find in favor of] the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003). If the moving party meets this burden, "the non-moving party must show that summary judgment is not appropriate by setting forth specific

facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Analysis

The FSA requires the BOP to evaluate each prisoner and determine the type and amount of EBRR programming that is appropriate to reduce their risk of recidivism. 18 U.S.C. § 3632(a)(3). Prisoners are to be provided with incentives to participate in EBRR programs, including the award of 10 days of time credits for every 30 days of successful participation in EBRR programming. 18 U.S.C. § 3632(d)(4)(A)(i). A prisoner determined by the BOP to be at a minimum or low risk for recidivating who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful programming participation. 18 U.S.C. § 3632(d)(4)(A)(ii). However, a prisoner may not earn credits for EBRR programs completed before December 21, 2018. 18 U.S.C. § 3632(d)(4)(B)(i). Time credits earned for successful participation in recidivism programs shall be applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C).

At one time, Petitioner was considered to be ineligible to receive earned time credits under the FAS. However, Mr. Roshto's declarations and the documents attached to it demonstrate petitioner is now considered eligible to receive earned time credits and has received such credits.

"To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). If a dispute ends or has otherwise been resolved, it has become moot. *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).

Petitioner asked the court to direct the BOP to consider him eligible to receive earned time credits. BOP now considers petitioner to be eligible to receive the credits and has awarded him credits. The dispute between the parties has therefore been resolved.

As the dispute between the parties has been resolved, there is not a genuine dispute of material fact as to whether the petition is moot. The Motion for Summary Judgment should therefore be granted.

## Recommendation

The respondent's Motion for Summary Judgment should be granted and the petition dismissed as moot.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 7th day of December, 2023.

_____
Zack Hawthorn
United States Magistrate Judge